## Henry B. Denker et al. v. Edward Carter et al.

1. JUDGMENTS—*When a Court of Equity Will Not Enjoin.*—A court of equity will not enjoin a judgment at law at the suit of a judgment debtor or his creditor, in the absence of fraud or injustice in a judgment, even though the judgment debtor is insolvent.

**Bill for an Injunction and Relief.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

WILLIAM S. KELLOGG, attorney for appellants.

JUDSON STARR, attorney for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On June 4, 1897, the Wesley Coal Company, one of the appellees herein, made and delivered its promissory note for the sum of $1,100, payable in ninety days after date, to the appellee Edward Carter. On June 16, 1897, it made and delivered two other promissory notes to him, one for $3,000, due in one year, and the other for $3,376.70, due in two years after date, all drawing interest at the rate of seven per cent per annum from date. On November 10, 1897, Carter obtained a judgment on the first of said notes for $1,124.90 and costs, and on September 27, 1898, a judgment on the $3,000 note for $3,267.18 and costs against the Wesley Coal Company. Other judgments were rendered against the same company, as follows: One in favor of the Austin Powder Company for $250 and costs on February 2, 1898, one in favor of Edward Little for $715.48 and costs on October 5, 1898, and one in favor of Peter Little for $3,700 and costs on February 16, 1899; said last three judgments were, prior to the commencement of this suit, assigned to and owned by Henry B. Denker, James B. Lawler and Charles J. Off. On December 22, 1897, certain real estate belonging to the Wesley Coal Company, situated in

Tazewell county, Illinois, was sold by the master in chancery of that county at a foreclosure sale. On February 24, 1899, this suit in chancery was commenced by Denker, Lawler and Off against Edward Carter and the Wesley Coal Company in the Circuit Court of Peoria County, with prayer for summons to the sheriff of Tazewell county for Carter and the sheriff of Peoria county for the Wesley Coal Company. The bill set up the sale of said premises in the foreclosure proceedings, the fact that the Wesley Coal Company had not redeemed the same from said sale, the purchase by and assignment of the three judgments above named to the complainants in the bill and a description of the Carter judgments. It averred that Carter did not at the time he obtained said judgments have any claim of any kind or character against the Wesley Coal Company, but that said judgments were obtained by collusion between Carter and said company for the purpose of defrauding its other judgment creditors and benefiting Carter; that said premises had been redeemed by a former judgment creditor and were about to be sold upon an execution in favor of such creditor; that Carter, if not prevented, would redeem said premises upon his said judgment and expose the same to sale in satisfaction thereof; that said Wesley Coal Company had no other property than the premises described and was absolutely insolvent. The bill prayed that said judgments in favor of Carter be decreed to be illegal and void as against complainants; that they be canceled and nullified and that Carter be restrained by injunction "from redeeming said premises or otherwise seeking satisfaction of his said judgments or either of them." A temporary injunction was granted commanding Carter to desist and refrain from seeking satisfaction in any manner of certain judgments against Wesley Coal Company and from redeeming the premises in question. Separate answers denying the allegations of the bill were filed by Carter and the Wesley Coal Company. Replications were filed, and the master, to whom the case was referred, reported that the judgments of Carter were not fraudulent and were not obtained

by means of collusion with the coal company, but that the same were based on valid and legal claims against the company and that the injunction should be dissolved.  After the report of the master was filed complainants, by leave of court, filed a supplemental bill setting up that from the evidence taken by the master it would appear that Carter had received in royalties for coal mined under a lease from said coal company, between February 1 and June 1, 1899, the sum of $507.52, which should be credited against any indebtedness he might have against the company by reason of his said judgments.  Upon the hearing before the court, exceptions to the master's report were overruled and the report sustained.  The injunction was dissolved, with damages to the defendants, and the bill dismissed for want of equity.  From this decree two of the complainants, Denker and Lawler, appealed to this court.  They insist that the notes on which the Carter judgments were based were without valid consideration, were for the private indebtedness of some of the members of the company, and were therefore void.  They also insist that if the said indebtedness to Carter was valid the judgments should be credited with the royalties received by him as above named.

The proof shows that for a long time prior to the taking by Carter of the three notes above mentioned he had furnished large sums of money from time to time, which were used in operating and improving the mines.  This indebtedness was evidenced by notes signed individually by officers of the company.  We think it appears from a preponderance of the evidence that the money for which these notes were given was used for the company and that the indebtedness was really the indebtedness of the company.  There was also due Carter from the company, at the time the notes upon which he obtained the judgments were given to him, certain sums growing out of his operation of the mines under a lease from it.  The whole debt being a *bona fide* debt of the company, there was no reason why the notes of the company in question here should not have been given to Carter, as evidence of the indebtedness.  The fact

that the coal company is now insolvent, is of no consequence under the circumstances of this case.

It has been held that a court of equity will not enjoin a judgment at law at the suit of a judgment debtor or his creditor in the absence of fraud or injustice in a judgment, even though the judgment debtor is insolvent. Burch v. West, 134 Ill. 258. If the judgments themselves in this case could not be enjoined, neither can Carter be enjoined from redeeming the premises, by virtue of his judgments.

The claim of appellants that the judgments of Carter should be credited with certain royalties which he was to pay the company, under his lease of the lands in question, can not be sustained. On June 16, 1897, when the note for $3,000 upon which judgment was obtained, was executed, there was also given to Carter by the company, another note for $3,376.70, as above stated. It is claimed by Carter and appears to be substantiated by the evidence, that the royalties were credited upon the latter note, upon which no judgment was ever taken, and that the same is not yet extinguished. There is no evidence of any direction given to Carter by any one as to the manner in which the royalties should be credited, and in such case he had a right to credit them on such note or notes as he should select.

We think the decree of the court below was correct and it is accordingly affirmed.